IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LATEEF ABIODUN SHOBANDE, | § § § | |
| Petitioner, | § § | |
| v. | § § | 1:25-CV-1744-RP |
| TODD M. LYONS, *Acting Director of U.S. ICE,* et al., | § § § § | |
| Respondents. | § § | |

**ORDER**

Before the Court is Petitioner Lateef Abiodun Shobande's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on October 20, 2025. (Dkt. 1). On November 5, 2025, the Court, pursuant to 28 U.S.C. § 2243, ordered Respondents Todd M. Lyons, Miguel Vergara, Daren K. Margolin, and Warden, T. Don Hutto Detention Center, (together, "Respondents") to show cause as to why Petitioner's Petition should not be granted. (Dkt. 6). On November 10, 2025, Respondents[1] filed a response in opposition to the petition. (Dkt. 7). On November 12, 2025, Petitioner filed a Reply. (Dkt. 8). Having considered the parties' arguments, the evidence presented, and the relevant law, the Court will grant Petitioner's Petition for Writ of Habeas Corpus.

**I. BACKGROUND**

Petitioner has been a lawful permanent resident since March 28, 2017. (Pet., Dkt. 1, at 4). He is currently in recission proceedings—the process by which United States Citizenship and Immigration Services ("USCIS") determine whether to rescind lawful permanent resident status. (*Id.*; Resp., Dkt. 7, at 1). Recission proceedings are separate from removal proceedings: "Recission results only in the nullification of the adjustment—not a removal order." (Resp., Dkt. 7, at 1). During his

---

[1] Respondent Warden of T. Don Hutto Detention Center, did not file a response.

1

recission proceedings, Petitioner is detained at the T. Don Hutto Detention Center in Taylor, Texas. (*Id.* at 1-2).

United States Immigration and Customs Enforcement ("ICE") has represented that "[w]hile recission is pending, ICE relies on its detention authority under 8 U.S.C. § 1226 to detain the individual." (*Id.* at 2). Respondents further assert that an "immigration judge lacks jurisdiction to grant bond" to Petitioner because no Notice to Appear ("NTA") has been issued. (*Id.*). NTAs are not issued in recission proceedings. (*Id.* at 1).

Petitioner challenges his detention through a writ of habeas corpus under 28 U.S.C. § 2241. He asserts that his continuing detention is unlawful in violation of his Fifth Amendment Due Process rights and as a violation of the Immigration and Nationality Act ("INA"). (Pet., Dkt. 1, at 5).

## II. DISCUSSION

### A. Administrative Exhaustion

Respondents assert that Plaintiff's claims are barred because Petitioner can and should appeal an immigration judge's finding that he is not eligible for bond to the Board of Immigration Appeals ("BIA"). (Resp., Dkt. 7, at 2). In support for this position, Respondents cite *Hinojosa v. Horn*, 896 F. 3d 305, 314 (5th Cir. 2018). *Hinojosa* discussed exhaustion in the specific context of a "system of review specific to applicants for admission who claim a right or privilege as a national of the United States." *Hinojosa,* 896 F.3d at 309; *see also Hernandez-Fernandez v. Lyons*, No. 5:25-CV-00773-JKP, 2025 WL 2976923, at *6 (W.D. Tex. Oct. 21, 2025) (discussing *Hinojosa's* limited applicability). Moreover, *Hinojosa* itself recognizes that "[e]xceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hinojosa,* 896 F.3d at 314 (citing *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam)).

Here, Respondents suggest that Petitioner must pursue an administrative remedy that could, in Respondents' view, result in an immigration judge having jurisdiction to provide Petitioner with a bond hearing under 8 U.S.C. § 1226. However, as discussed below, the problems with Petitioner's detention are more fundamental than a denial of a bond hearing. Because, under Respondents' own contentions, § 1226's detention scheme is wholly inapplicable to Petitioner's current status, the purportedly available administrative remedy of appealing to the BIA to seek a bond hearing is "wholly inappropriate" and "patently futile." *See Hinojosa,* 896 F.3d at 314.

### B. Detention Authority

The sole authority under which Respondents assert Petitioner is being detained is 8 U.S.C. § 1226. (*See* Resp., Dkt. 7).[2] Section 1226(a) provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained **pending a decision on whether the alien is to be removed from the United States**." 8 U.S.C. § 1226(a) (emphasis added). The section continues, stating that "pending such decision," continued detention is discretionary, and individuals can be released on bond or on conditional parole. 8 U.S.C. § 1226(a)(2). Nothing in the remainder of § 1226 broadens its reach to allow for detention during recission proceedings. The detention authority of § 1226 therefore applies to detention during removal proceedings, and only during removal proceedings.

Respondents, however, do not assert that Petitioner is in removal proceedings. To the contrary, they state that:

> Petitioner is in active rescission proceedings before an immigration judge. . . . Rescission proceedings are limited to determining whether adjustment was improperly granted. There is no Notice to Appear (NTA) issued to commence rescission proceedings. Rescission proceedings are adjudicated exclusively by USCIS, followed by EOIR review by request. Rescission results only in the nullification of the adjustment—not a removal order.

---

[2] As Petitioner notes, Respondents are not perfectly definite about any detention authority for Petitioner, only stating in general terms that "[w]hile rescission is pending, ICE relies on its detention authority under 8 U.S.C. § 1226 to detain the individual." (See Resp., Dkt. 7, at 2; Reply, Dkt. 8, at 2).

> To obtain a removal order following rescission, DHS would issue, serve, and file an NTA upon the completion of rescission proceedings.

(Resp., Dkt. 7, at 1). Because § 1226 does not apply to Petitioner's current status, Respondents have asserted no authority that allows them to detain him during his recission proceedings. With no detention authority provided under the statute, Petitioner's ongoing detention is therefore in violation of the INA, and, as a result, he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Because the Court finds Petitioner's detention to be unlawful under the INA, it does not reach his constitutional Due Process claims.

### III. CONCLUSION

The foregoing order constitutes the Court's findings of fact and conclusions of law. For the reasons discussed above, **IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED** as follows. Petitioner shall be immediately released from custody. Respondents are enjoined from detaining Petitioner under 8 U.S.C. § 1226 during his recission proceedings. **IT IS FURTHER ORDERED** that Respondents shall provide a status report **on or before Monday, November 17, 2025**, detailing their compliance with this order.

**SIGNED** on November 14, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE